**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ZEUS FUENTES BERISTAIN, | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | **No.:  26-cv-** |
| LIFE INSURANCE COMPANY OF | : | |
| NORTH AMERICA | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

The Plaintiff, Zeus Fuentes Beristain ("Mr. Fuentes Beristain"), by and through the undersigned counsel, hereby sues the Defendant, Life Insurance Company of North America ("LINA" or "Defendant") and alleges:

## PRELIMINARY ALLEGATIONS

1.     "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.  This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant.  Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, and attorney's fees and

1

costs.

2.    Venue is proper in this district under 29 USC § 1132(e)(2), in that LINA is headquartered in the Eastern District of the Commonwealth of Pennsylvania and is licensed to transact business here.

3.    Upon Information and belief, Defendant is a subsidiary of New York Life Insurance Company.

4.    Upon information and belief, Defendant is a corporation with its principal place of business in the Commonwealth of Pennsylvania with a principal mailing address for the purposes of effectuating service of process of 50 South 16th Street, Philadelphia, PA 19102.

## RELEVANT FACTS

5.    Mr. Fuentes Beristain was at all times relevant a plan participant under the Broadcom, Inc. and Affiliate Companies Disability Plan, Policy Number LK-0965168 ("The Plan").

6.    Upon information and belief, LINA is the insurer and claims administrator. As the decision maker and payor of benefits, LINA both funded and administered the claim with a conflict of interest and the bias this created affected the claims determination.

7.    The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), established for employees of Broadcom, Inc. and Affiliate Companies and its affiliates, under which Mr. Fuentes Beristain is a participant. Pursuant to the terms and conditions of the Plan, Mr. Fuentes Beristain is entitled to Long-Term Disability benefits for the duration he met

the definition of **"Disability/Disabled"** under the Plan.

8.  At all times relevant, Mr. Fuentes Beristain was an employee or former employee of Broadcom, Inc. and Affiliate Companies and is a Plan participant under the terms and conditions of the Plan.

9.  During the course of Mr. Fuentes Beristain's employment with Broadcom, Inc. and Affiliate Companies, Mr. Fuentes Beristain became entitled to long-term disability ("LTD") benefits under the terms and conditions of the Plan. Specifically, while Mr. Fuentes Beristain was covered under the Plan he suffered a physical disability as a result of Injury or Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering him **"Disabled"** under the terms of the Plan.

10. As it relates to Mr. Fuentes Beristain's current claim for benefits, the Plan defines "**Disability/Disabled**" as meaning:

    *"After Disability Benefits have been payable for 24 months, you are considered Disabled if, solely due to Injury or Sickness, you are:*

    1.  *Unable to perform the material duties of any occupation for which he is, or may reasonably become, qualified based on education, training or experience; and*

    2.  *Unable to earn 80% or more of your Indexed Earnings."*

11. On August 18, 2025 , LINA sent a letter to Mr. Fuentes Beristain notifying him that they paid him benefits through August 20, 2025, but that he does not meet the Plan's definition of "**Disabled**" beyond March 17,2021, so his LTD claim is terminated.

12. Acting through undersigned counsel, Mr. Fuentes Beristain timely appealed LINA's termination, submitting additional medical information supporting his claim.

13. Via letter dated June 24, 2026, LINA notified Mr. Fuentes Beristain through undersigned counsel that they were upholding their prior decision to terminate his claim for LTD benefits, that their determination was final, and that he had exhausted his administrative remedies.

14. At all material times hereto and as set forth above, Mr. Fuentes Beristain has continued to provide Defendant with medical and other documentation supporting and confirming his ongoing **Disabled** status, as per the terms of the aforementioned Plan.

15. Mr. Fuentes Beristain has exhausted his administrative remedies and now files this complaint seeking judicial relief.

## CLAIM FOR RELIEF UNDER ERISA § 502(a)(1)(B) FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS

16. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

17. The Defendant violated its obligations under the Plan to its insured in denying a valid and fully supported claim for LTD benefits beyond August 20 2025.

18. As set forth hereinabove, the Defendant improperly and unjustifiably denied Mr. Fuentes Beristain his LTD benefits beyond August 20, 2025 under the Plan without reasonable basis and based upon faulty, flawed, insufficient and

4

defective information.

19. Because of Defendant's pattern and practice of deliberate repudiation of its policy obligations, Mr. Fuentes Beristain has been deprived of his rights under the aforementioned Plan.

20. As a result of Defendant's conduct and failure, Plaintiff has been denied the full value of his LTD benefits in the amount of at least $350,000, inclusive of interest, during the time Plaintiff was **Disabled**, the actual amount of which will be proven at trial.

21. Plaintiff is entitled to recover said benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

22. As a further direct and proximate result of Defendants' conduct, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

23. Following the denial of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, ZEUS FUENTES BERISTAIN prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Recovery of Long-Term Disability benefits due Plaintiff in the amount of at least $350,000, the actual amount of which will be proven at trial;

2.      An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by virtue of his disability;

3.      In the alternative to the relief sought in paragraphs 1-2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.      Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.      Payment of prejudgment and post judgment interest as allowed for under ERISA;

6.      Such other and further relief as this Court deems just and proper.


Respectfully Submitted,

ROSEN MOSS SNYDER LLP

  /s/Christopher R. Harris
Marc H. Snyder, Esquire (81432)
Tel: (215) 935-1106
msnyder@rms.law
Christopher R. Harris, Esquire (326450)
Tel: (215) 935-1157
charris@rms.law
1300 Virginia Drive, Suite 310
Ft. Washington, PA 19034
Fax : (215) 935-0326
Attorneys for Plaintiff,
Zeus Fuentes Beristain